PER CURIAM.
Granted. The trial court erred in denying the state’s procedural objections to the application for post-conviction relief filed by respondent, in part on grounds that, in the court’s view, the United States Supreme Court’s decision in McQuiggin v. Perkins, 569 U.S.-, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), governs Louisiana post-conviction proceedings and excuses procedural bars that would otherwise result in dismissal. McQuiggin held only that for purposes oí federal habeas corpus law, a convincing claim of actual innocence, “if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations.” Id., 569 U.S. at -, 133 S.Ct. at 1928 (citations omitted). McQuig-gin does not purport to govern state post- *824 conviction proceedings conducted under state law, however, and, in any event, respondent has not advanced a convincing claim of actual innocence. Respondent’s claims are either repetitive and time-barred, La.C.Cr.P. art. 930.4(A) and (D); La.C.Cr.P. art. 930.8, or do not state grounds upon which post-conviction relief may be granted. La.C.Cr.P. art. 928. The state’s procedural objections are therefore sustained and the district court is directed to dismiss respondent’s application.